SCHOOL DISTRICT No. 49, OF PAWNEE COUNTY, v. SCHOOL DISTRICT No. 21, OF PAWNEE COUNTY.

AWARD, *Binding Old School District.* Where taxes are levied and a school house built in a certain school district, and afterward a portion of the territory of such school district is detached and allowed to remain unorganized and outside of any school district for about one year, at which time such territory, along with other territory, is organized into a new school district, and in about three years and one month thereafter the county superintendent for the first time makes an apportionment of the property, and awards that the old school district, which retains all the property of the district, shall pay to the new school district $697.86, as its proportion of the value of the property retained by the old school district, *held*, that such award is valid and binding upon the old school district, notwithstanding the delay of the county superintendent in making the award, and notwithstanding the fact that the territory detached from the old school district was not organized or placed in any other school district for one year.

*Error from Pawnee District Court.*

MANDAMUS, brought by *School District No. 49*, of Pawnee county, against *School District No. 21*, of that county, to compel the defendant district to levy a certain tax. Trial by the

court upon the pleadings and an agreed statement of facts, and judgment for the defendant, January 24, 1884.   The plaintiff brings the case to this court.   The facts appear in the opinion.

*M. B. Freeland,* for plaintiff in error.

*Nelson Adams,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On April 13, 1877, School District No. 21, of Pawnee county, Kansas, was organized.   During that same year, taxes to the amount of $1,143.86, were levied upon the taxable property of said school district, and were collected and expended in the erection of a school house for said district. On January 12, 1878, certain territory was detached from said school district, but the detached territory was not organized or placed in any other school district until March 11, 1879, when it, with other territory, was organized into and made to constitute School District No. 49, of Pawnee county, Kansas.   At the time when said territory was detached from School District No. 21, the county superintendent of public instruction did not make any division of the school property nor make any award, nor did he afterward, when said detached territory along with other territory was organized into School District No. 49, make any such division or award.   At the time of said division, School District No. 21 had a school house valued at $1,148.86, to the building of which the taxable property of the people of the detached territory contributed $697.86.   Afterward, and on April 11, 1882, the county superintendent made an award of $697.86 to be paid by School District No. 21 to School District No. 49, as its proper proportion of the value of the said school house retained by School District No. 21.   No appeal was taken from this award; but still School District No. 21 refused to obey the award, or to recognize it as of any validity.   Afterward, and on August 30, 1882, School District No. 49 commenced this action in the district court of Pawnee county, which is an action of mandamus to compel School District No. 21 to levy a tax to pay said amount of $697.86,

awarded by the county superintendent to the plaintiff, School District No. 49. A trial was afterward had before the court without a jury, upon the pleadings and an agreed statement of facts, which trial resulted in a judgment in favor of the defendant and against the plaintiff for costs; and the court refused to award any writ of mandamus.

We think the judgment of the court below is erroneous. We think the writ of mandamus ought to be allowed. The territory detached from School District No. 21 was at all times equitably entitled to the amount of $697.86, from School District No. 21. Such territory paid that amount, and afterward the superintendent of public instruction awarded that amount to School District No. 49, in which district said detached territory had then been placed. This award made by the county superintendent of public instruction has never been appealed from nor set aside, and it is still binding upon the two districts.

We think the decision of this case is controlled by the principles enunciated in the following cases: *School District v. The State,* 15 Kas. 43; *School District No. 49 v. School District No. 70,* 20 id. 76. See also Compiled Laws of 1879, ch. 92, paragraphs 5121 and 5122.

The judgment of the court below will be reversed, and the cause remanded with the order that the writ of mandamus prayed for in the plaintiff's petition be allowed, so that the taxes may be levied and collected this present year.

All the Justices concurring.